**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARAMJIT KAUR,<br><br>      Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>      Respondent. | No. 11-71130<br><br>Agency No. A072-691-037<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:      SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Paramjit Kaur, a native and citizen of India, petitions for review of a Board

of Immigration Appeals ("BIA") order denying her motion to reopen.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the

denial of a motion to reopen, and review de novo claims of due process violations,

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

including claims of ineffective assistance of counsel. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Kaur's motion to reopen based on ineffective assistance where Kaur failed to establish prejudice arising from any alleged ineffective assistance from her three former attorneys. *See Iturribarria*, 321 F.3d at 897-903; *Lara-Torres v. Ashcroft*, 383 F.3d 968, 973-976 (9th Cir. 2004) (amended by 404 F.3d 1105 (9th Cir. 2005)) (to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate prejudice resulting from the ineffective assistance).

Kaur failed to exhaust her contention regarding waiver of the right to counsel. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

In light of this disposition, we do not reach Kaur's remaining contentions. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**